Peck, J.
delivered the opinion of the court.
Campbell and Brown, two of the defendants in error, had given a bond as securities for the appearance of Alderson. (arrested on a ca. sa.) at the September term, 1831, of the county court of Maury county, then and there to pay and satisfy one hundred dollars, or take the oath of an insolvent debtor, or render a schedule of property in compliance with the act of Assembly.
At the term to which the bond was made returnable, no steps were taken in the cause; at the succeeding term, the parties being present in court, moved to dismiss the cause, as it then stood for the first time entered upon the docket. The county court refused to dismiss, and Alderson not complying with the condition of the bond, judgment was given against him and his securities.
The cause was taken into the circuit court by writ of error, where the judgment was reversed; writ of error to this court.
The bond was allowed in ease of the arrested defendant; he was bound to have performed the condition of it; he had the first term to do so; if atan early period in that term, judgment had been taken upon the bond, upon motion of the plaintiff in execution, and subsequently the said Alderson had appeared and complied with the condition, the court would have allowed it, and set aside the judgment with cost. But the obligors not complying with the bond in any respect, the plaintiff in execution would be entitled to his judgment during the term. *307 Nevertheless, if proceedings had been waived at that , * . . . „ , , term, the cause was subject to be called up at the succeeding term. The bond had not become inoperative, because no motion had been made upon it; on the contrary, it became operative, because Alderson had not performed either alternative in the condition. Those bound, should not only have caused Alderson to appear, but should have seen that during the term he had exonerated himself from his liability.
Arder son and Clark, for plaintiff in. error.
Webber and Pillow, for defendants.
Having wholly failed when he ought to have acted, the county court could well give judgment at the succeeding term, he still having failed when called on to pay the money, take the oath required, or surrender his property.
The judgment of the circuit court was erroneous; it is reversed, and that of the county court affirmed.
Judgment affirmed.